FILED
United States Court of Appeals
Tenth Circuit

July 24, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN MANUEL GAMEZ-TAPIA,

Defendant-Appellant.

No. 12-2024
(D.C. No. 2:11-CR-01569-WJ-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Juan Manuel Gamez-Tapia has filed an appeal after pleading guilty to a violation of 8 U.S.C. § 1326(a) & (b), re-entry of a removed alien. The government has filed a motion to enforce the appellate waiver contained in Mr. Gamez-Tapia's plea agreement. As explained below, we GRANT the motion and DISMISS this appeal.

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pursuant to the plea agreement, Mr. Gamez-Tapia "knowingly waive[d] the right to appeal [his] conviction(s) and any sentence within the advisory guideline range as determined by the Court." Plea Agreement at 5. Mr. Gamez-Tapia signed the agreement, stating he had reviewed and understood it, and that he voluntarily accepted it. During the plea colloquy, Mr. Gamez-Tapia stated specifically that he understood the waiver of his appellate rights, and he indicated that he was pleading guilty voluntarily.

At sentencing, the district court determined that the applicable sentencing range was 57 to 71 months, but under the terms of the plea agreement, the parties stipulated to a reduced offense level, which brought the sentencing range down to 51 to 63 months. The district court accepted that stipulation and imposed a 52-month term of imprisonment.

Despite his agreement to not challenge a within-guidelines sentence, Mr. Gamez-Tapia filed a pro se letter in the district court complaining of the length of his sentence. The district court construed the letter as a notice of appeal.

This court appointed counsel for Mr. Gamez-Tapia, and the government moved to enforce the appeal waiver. In response to the motion, Mr. Gamez-Tapia's counsel could not identify grounds to oppose the appeal waiver.[1] This court gave

---

[1]     But counsel did note the waiver excluded a collateral attack on the basis of ineffective assistance of counsel in negotiating or entering the plea or the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) ("[A] claim of ineffective assistance of counsel in connection with the negotiation of a plea

(continued)

- 2 -

Mr. Gamez-Tapia an opportunity to either file a pro se response or request an extension of time to file a response. As of this date, he has not pursued either option.

We have reviewed the government's motion and the record, and we conclude that (1) Mr. Gamez-Tapia's proposed appeal falls within the scope of the appeal waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we GRANT the motion to enforce the appeal waiver, and we DISMISS this appeal.

Entered for the Court
Per Curiam

---

agreement cannot be barred by the agreement itself." (alteration and quotation omitted)).